FILED

March 9, 2016

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

TIME 2:07 PM



# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT KINGSPORT

| | |
|---|---|
| Kimberly Gray<br>　　　　Employee,<br>v.<br>Fresenius Medical Care<br>　　　　Employer,<br>And<br>American Casualty Co. of Reading, PA<br>　　　Insurance Carrier. | Docket No.: 2016-02-0027<br><br>State File Number: 52845-2014<br><br>Judge Brian K. Addington |

## EXPEDITED HEARING ORDER DENYING
## REQUESTED MEDICAL BENEFITS
## (REVIEW OF THE FILE)

This matter came before the undersigned workers' compensation judge on the Request for Expedited Hearing filed by the employee, Kimberly Gray, pursuant to Tennessee Code Annotated section 50-6-239 (2015). The present focus of this case is Ms. Gray's entitlement to medical treatment in light of what she describes as her failure to improve under the care of her authorized physician, Dr. Michael Bratton. The central legal issue is whether Ms. Gray is entitled to a second opinion with regard to treatment of her work injury.[1] For the reasons set forth below, the Court finds Ms. Gray is not entitled to the requested relief at this time.

### History of Claim

Ms. Gray is a forty-four-year-old resident of Cocke County, Tennessee. (Ex. 1 at 1.) She worked for Fresenius as a registered nurse when, on July 2, 2014, she felt a pop in her right elbow as she filled an acid container. (Ex. 2.) Fresenius presented a physician panel to Ms. Gray, who selected Dr. Michael Bratton as her authorized treating orthopedic surgeon. (Ex. 4 at 1.)

After treating Ms. Gray conservatively for several months, Dr. Bratton placed her

---

[1] Additional information regarding exhibits is attached to this Order as an Appendix.

at maximum medical improvement (MMI) on August 17, 2015. (Ex. 4 at 2.) He determined she sustained a 1% permanent partial impairment rating to the body as a whole as a result of her work injury and allowed her to return as needed. (Ex. 4 at 10-11.)

However, Ms. Gray claimed she continued to experience right arm pain that limited her ability to perform regular activities of daily living. (Ex. 3 at 4.) Ms. Gray requested a second opinion through her attorney, Ben Hooper.

Mr. Hooper filed an affidavit in this matter dated February 4, 2016. (Ex. 1 at 1.) He averred the adjuster managing Ms. Gray's claim informed him she would provide the requested second opinion. (Ex. 1 at 2.) Fresenius, however, now refuses to provide the second opinion. *Id.* Defense counsel confirmed his client's position against the second opinion request via correspondence dated January 12, 2016. (Ex. 3 at 1.)

Ms. Gray filed a Petition for Benefit Determination seeking a second opinion. (Ex. 5.) The parties did not resolve the disputed issues through mediation, and the Mediating Specialist filed a Dispute Certification Notice. (Ex. 7.) Ms. Gray filed a Request for Expedited Hearing pursuant to Tennessee Code Annotated section 50-6-239 (2015) and requested a ruling based on a review of the file. (Ex. 6.) Upon determining no additional information was needed to determine whether Ms. Gray was likely to prevail at a hearing on the merits of the claim, the Court issued a Docketing Notice on February 22, 2016. The Notice identified the documents the Court received for review and advised the parties they had seven business days to file any objections to the admissibility of any of those documents. Fresenius filed objections to certain exhibits, which are discussed in the footnotes of the Appendix.

## ANALYSIS

The Workers' Compensation Law shall not be remedially or liberally construed in favor of either party but shall be construed fairly, impartially and in accordance with basic principles of statutory construction favoring neither the employee nor employer. Tenn. Code Ann. § 50-6-116 (2014). The employee in a workers' compensation claim has the burden of proof on all essential elements of a claim. *Tindall v. Waring Park Ass'n,* 725 S.W.2d 935, 937 (Tenn. 1987); *Scott v. Integrity Staffing Solutions,* No. 2015-01-0055, 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Tenn. Workers' Comp. App. Bd. Aug. 18, 2015). Ms. Gray need not prove every element of her claim by a preponderance of the evidence in order to obtain relief at an expedited hearing. *McCord v. Advantage Human Resourcing,* No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). For an expedited hearing, Ms. Gray has the burden to come forward with sufficient evidence from which the trial court can determine that she is likely to prevail at a hearing on the merits. *Id.*

Ms. Gray requests a second opinion, given her continued pain and Dr. Bratton's

determination that she is at MMI for her right arm injury. Tennessee Code Annotated section 50-6-204(a)(3)(C) (2015) governs second opinions. It states in relevant part:

> When the treating physician or chiropractor refers the injured employee, the employee shall be entitled to have a second opinion on the issue of surgery and diagnosis from a physician or chiropractor from a panel of two (2) physicians practicing in the same specialty as the physician who recommended the surgery . . . the employee's decision to obtain a second opinion shall not alter the previous selection of the treating physician or chiropractor.

The statute first requires a treating physician or chiropractor to refer the injured worker for a second opinion before the worker becomes entitled to same. There is no statutory right to a second opinion otherwise.

In this case, Mr. Gray points to no physician referral as a basis for her request. Rather, she relies upon promises allegedly made by the adjuster managing her claim that a second opinion would be allowed. Whatever the adjuster may have promised, Fresenius is not bound by any such earlier intentions when it now elects to deny the second opinion. Although the Court notes the adjuster's actions may have caused delay in this case, there is no statutory basis for compelling Fresenius to provide the second opinion. The Court finds Ms. Gray is not entitled to the requested relief at this time.

As Fresenius acknowledges, Dr. Bratton remains Ms. Gray's authorized treating physician. Per the provided medical records, she is entitled to return to Dr. Bratton as needed.

Ms. Gray has not come forward with sufficient evidence from which this Court may conclude she is likely to prevail at a hearing on the merits. Her request for additional medical benefits is denied at this time.

**IT IS, THEREFORE, ORDERED** as follows:

1. Ms. Gray's claim against Fresenius and its workers' compensation carrier for the requested additional medical benefits is denied.

2. This matter is set for an Initial (Scheduling) Hearing on April 11, 2016, at 10:00 a.m. Eastern Time.

   **ENTERED this the 9th day of March, 2016.**

*[signature]*

**Judge Brian K. Addington**
**Court of Workers' Compensation Claims**

Initial (Scheduling) Hearing:

A Scheduling Hearing has been set with **Judge Brian K. Addington, Court of Workers' Compensation Claims. You must call toll-free at 855-543-5044 to participate in the Initial Hearing.**

**Please Note: <u>You must call in on the scheduled date/time to participate.</u> Failure to call in may result in a determination of the issues without your further participation. All conferences are set using Eastern Time (ET).**

Right to Appeal:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within seven business days* of the date the Workers' Compensation Judge entered the Expedited Hearing Order.

3. Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4. The appealing party is responsible for payment of a **filing fee in the amount of $75.00.** Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. **Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.**

5. The parties, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a joint statement of the evidence within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the workers' compensation judge before the record is submitted to the Clerk of the Appeals Board.

6. If the appellant elects to file a position statement in support of the interlocutory appeal, the appellant shall file such position statement with the Court Clerk within five business days of the expiration of the time to file a transcript or statement of the evidence, specifying the issues presented for review and including any argument in support thereof. A party opposing the appeal shall file a response, if any, with the Court Clerk within five business days of the filing of the appellant's position statement. All position statements pertaining to an appeal of an interlocutory order should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

## APPENDIX

Exhibits:
1. Affidavit of Ben Hooper, III[2]
2. First Report of Injury
3. Email and mail correspondence between the parties[3]
4. Employer response to Request for Expedited Hearing with attachments
5. Petition for Benefit Determination
6. Request for Expedited Hearing
7. Dispute Certification Notice

---

[2] Fresenius filed a hearsay objection to the second sentence of paragraph four of Mr. Hooper's affidavit. The objection is sustained.

[3] Fresenius filed a hearsay objections to emails between the attorneys dated January 8, 2016, and January 12, 2016, as well as correspondence from Mr. Hooper to adjuster, Mary Hall, dated September 23, 2015. The objections are overruled.

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on this the 7th day of March, 2016.

| Name | First Class Mail | Email | Service Sent to: |
|------|------------------|-------|------------------|
| Ben Hooper, III, Esq. | | X | Bwh3rd@yahoo.com |
| Brent Moore, Esq. | | X | Bmoore@ortalekelley.com |

Penny Shrum, Clerk of Court
Court of Workers' Compensation Claims